IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Piere Romeo Davon Wilson,<br>　　　　　　　　Plaintiff,<br>　　vs.<br>Sgt. Daniels, Sergeant;<br>　　　　　　　　Defendant. | Civil Action No. 0:21-cv-3670-CMC<br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff's motion for default judgment against Defendant Daniels, the sole remaining Defendant in this case.[1] ECF No. 74. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. Defendant Daniels was served on September 21, 2022, ECF No. 66, and failed to file an answer or responsive pleading. The Clerk entered default on December 20, 2022. ECF No. 69. On January 30, 2023, the Magistrate Judge filed an Order directing Plaintiff to file a motion for default judgment, and notified Plaintiff if he failed to do so this action would be recommended for dismissal. ECF No. 71. Plaintiff filed a motion for default judgment on February 14, 2023. ECF No. 74.

　　　　On May 10, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's motion for default be denied because Plaintiff failed to establish any constitutional violation giving rise to an excessive force claim against Defendant Daniels. ECF No. 82. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections, and the time to do so has expired.

---

[1] The other Defendants were dismissed pursuant to Fed. R. Civ. P. 4(m). ECF No. 78.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and adopts the Report by reference in this Order. Plaintiff's motion for default judgment is denied. This matter is dismissed because Plaintiff failed to establish any constitutional violation giving rise to an excessive force claim against Defendant Daniels.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 7, 2023